818 F.2d 861
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Helen L. FURY; Phyllis J. Golden; Rose C. Jackson;
Nanette Kirel; Mary K. Shuman; Cherie Knopp, Mary J.
Fetty; Mary S. Little; Vicki S. Cummons; Pamela J. Sands;
Pamela S. Moore; Janet S. Cozard; Margaret Starr; Janice
A. Edman; Cheryl L. Coe; Carole S. Jones; Lessie M.
Knutson; Diane Zaeharias, Plaintiff-Appellant,
Melody S. Sutton; Pam Alexander; Pat Dilly; Judy K.
Brown; all others Similarly Situated as a Class, Plaintiff,
v.
S.F. GREINER, Sheriff of Wood County; Juanita Coe, Clerk of
Circuit Court of Wood County; H.K. Smith, County Clerk of
Wood County; County Commission of Wood County; Dexter L.
Bucklery Jr.; Holmes R. Shaver; Lewis E. Guinn, in their
capacity as County Commissioners of Wood County, Defendant-Appellee.
 No. 86-1651.
 United States Court of Appeals, Fourth Circuit.
 Argued March 2, 1987.
Decided May 14, 1987.
 
 Before RUSSELL and SPROUSE, Circuit Judges, and KISER, United States District Judge for the Western District of Virginia, sitting by designation.
 Brian David Yost (Fred F. Holroyd; Holroyd & Yost, on brief), for appellants.
 Elizabeth A. Pyles, for appellees.
 PER CURIAM:
 
 
 1
 Helen L. Fury and eighteen other female employees of Wood County, West Virginia, appeal from the district court's denial of their sex-based employment discrimination claims against the County Commission, the individual Commissioners, the Sheriff, the Clerk of the Circuit Court, and the County Clerk. We affirm.
 
 
 2
 Ten of the nineteen appellants worked in the Sheriff's office; nine worked in the Circuit Court Clerk's office. Their complaint alleged that they were paid less money than a comparably situated male employee in the County Clerk's office, in violation of the equal pay provision of the Fair Labor Standards Act, 29 U.S.C. Sec. 206(d), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000(e) et seq. The appellants could only compare themselves to a male employee in the County Clerk's office because neither the Sheriff's office nor the Circuit Court Clerk's office had a comparably situated male employee.
 
 
 3
 After a bench trial, the district court ruled against the appellants on both claims.[1] The court ruled that the women could not compare themselves to a male employee in a separate county office and denied the equal pay claim. It denied the Title VII claim because the women failed to prove that the appellees intentionally discriminated against them or that some neutral employment practice had a disparate impact upon them.
 
 
 4
 We agree with the district court and affirm its judgment.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Initially, this action also included three female employees who worked in the County Clerk's office. The court ruled in favor of these employees on their equal pay claim, however, and they are not involved in this appeal